# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION
# 1:09-cv-573

| | |
|---|---|
| GLORBMAN LAMONT BROWN,<br>                              Plaintiff,<br><br>vs.<br><br>ROWAN COUNTY DETENTION CENTER, OFFICER J. EWART, OFFICER A. LANE, NURSE MORGAN, MASTER DEPUTY FAGGART, LIEUTENANT LANE,<br>                              Defendants. | **DEFENDANTS ROWAN COUNTY DETENTION CENTER, EWART, MORGAN, FAGGART, AND LT. LANE'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT** |

## STATEMENT OF FACTS

The Plaintiff filed a Complaint against the Defendants on July 29, 2009. After filing the Complaint, the Plaintiff waited until June 8, 2010 to have any summonses issued for the individual Defendants. No summons was issued at any point for Defendant Rowan County Detention Center. Based on process receipts executed by the U.S. Marshall Service, attached as Exhibit 1, it appears that only Defendants Lane, Morgan, and Ewart were served within days of the summonses being issued. The summons for Defendant Faggart was served at the Rowan County Detention Center but the return receipt notes that she was no longer employed there. The return receipt for Faggart was signed by the same individual who signed for the other Defendants.

In the Complaint, the Plaintiff alleged that he was mistreated while detained in the Rowan County Detention Center. He alleged that he had to urinate and defecate in a hole in the floor. He further alleged that he "did not received [sic] proper/no water supply, I was refused some food supply and refused a shower."

Plaintiff further alleged that he asked to be placed in protective custody. After this request, he was allegedly attacked by a fellow inmate while on lunch cleanup duty. Following this attack, the Plaintiff claimed that the hospital informed him not to take ibuprofen, but that Nurse Morgan gave him ibuprofen. Although he alleged that his eyesight has since declined, he failed to allege any specific condition caused by the ibuprofen or that he was forced to take the ibuprofen.

Finally, the Plaintiff alleged that Defendant Lane "stone walled" [sic] him from filing charges against the inmate for the attack but does not allege how, when, or why such activity took place or how he was harmed by this.

The Plaintiff has not alleged several key facts making a meaningful response nearly impossible. There is no date alleged for any of the described conduct. There were no duties nor breaches of duties. No statutes, federal or state, were alleged to have been violated. Likewise, the Plaintiff did not allege any common law causes of action against any of the Defendants.

## **STANDARD OF REVIEW FOR MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

"A court must grant a defendant's 12(b)(5) motion to dismiss if the plaintiff fails to serve a copy of the summons and complaint in satisfaction of Rule 4 of the Federal Rules of Civil Procedure." *Wilkerson v. Christian*, 2008 WL 483445 (M.D.N.C.,2008) (*citing Calder v. Stanley County Bd. of Educ.*, 2002 U.S. Dist. LEXIS 20687 at *4 (M.D.N.C.2002)). "The plaintiff bears the burden of establishing that the service of process has been accomplished in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure." *Disabled Patriots of America, Inc. v. Fu*, 2009 WL 1470687

(W.D.N.C.,2009) (*citing Plant Genetic Systems, N.V., v. Ciba Seeds*, 933 F.Supp. 519, 526 (M.D.N.C.1996)).

<u>**STANDARD OF REVIEW FOR MOTION**</u>
<u>**FOR MORE DEFINITE STATEMENT**</u>

The test for granting or denying a motion for a more definite statement "'is whether it is reasonable to require defendants to respond to the [pleading].'" *Doe v. Bayer Corp.*, 367 F. Supp. 2d 904, 917 (M.D.N.C. 2005) (*citing Gilbert v. Bagley*, 492 F.Supp. 714, 749 (M.D.N.C.1980)).

<u>**ARGUMENT**</u>

I. **<u>The Plaintiff's Failure to Serve Defendant Rowan County Detention Center with a Copy of the Summons and Complaint Without Good Cause Requires Dismissal of the Action.</u>**

   A. **<u>Rule 4(m) Provides that Defendants Should be Served within 120 Day of Filing of the Complaint or the Complaint May be Dismissed</u>**

Rule 4(m) of the Federal rules of Civil Procedure requires a plaintiff to serve defendants with copies of the complaint and summons within 120 days of the filing of the complaint. The rule explicitly provides for dismissal of a plaintiff's complaint for failure to comply with the rule. ("If a defendant is not served within 120 days after the Complaint is filed, the Court - on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.") An unserved defendant may more for dismissal of the complaint. See, e.g., *Halstead v. Kalwei*, 393 F. Supp. 2d 393, 397 (S.D. W. Va. 2005) (granting unserved defendant's motion to dismiss for failure to effect service on the defendant but reserving entry of order of dismissal pending further order of the Court).

Courts have allowed plaintiffs to have additional time to serve defendants for good cause. While "good cause" is not specifically defined, it has generally been held to be some reason outside of the plaintiff's control, such as sickness, natural catastrophe, or evasion on the parts of the defendants. *See, generally*, *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) and *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995).

**B.   The Plaintiff's Complaint Should Be Dismissed Against Defendant Rowan County Detention Center Because It Has Still Not Been Served.**

In this case, the Plaintiff has not even had a summons issued against the purported Defendant Rowan County Detention Center. As such, there is no way that Rowan County Detention Center could have been served within the 120 days. Based on the Plaintiff's failure to serve a copy of the summons and Complaint on Defendant Rowan County Detention Center within 120 days of filing his complaint, and the lapse appearing to be due solely to the Plaintiff's delay, the Complaint should be dismissed.

**C.   The Plaintiff's Complaint Should Be Dismissed for Failure to Serve Defendants Ewert, Morgan, Lt. Lane or Faggart Within 120 Days of Filing the Complaint.**

Even though the Plaintiff had summonses issued for Defendants Ewert, Morgan, Lt. Lane, and Faggart, he failed to do so before 120 days passed from the filing of his Complaint. In fact, the summons were not issued for over ten months. This means that the summonses could not have been served within 120 days of the Complaint's filing. Once the summonses were issued, the Marshall Service served Defendant Ewert, Lt. Lane, and Morgan within days, so the only reason for the delay was the Plaintiff's failure to have them issued. The summons for Defendant Faggart was sent to the Rowan County

Page 4

Detention Center despite noting that she was no longer employed there. The signature for the return receipt is the same as for the other Defendants, which is ineffective service on Defendant Faggart. Absent a showing of good cause for the ten month delay in even having the summonses issued, which passed before the ineffective service of Faggart, the Complaint should be dismissed as to Defendants Morgan, Ewert, Lt. Lane, and Faggart in its entirety.

II.  **The Deficient Form and Substance of the Plaintiff's Complaint Do Not Permit the Defendants to File a Response and the Plaintiff Should Be Required to Make a More definite Statement of His Claims in the Alternative that the Complaint is Not Dismissed in its Entirety.**

   A.  **A Motion for More Definite Statement Is Proper When Rule 8 and Rule 10 of the Federal Rules of Civil Procedure Are Not Satisfied.**

Even a *pro se* plaintiff, whose pleadings are to be construed liberally, is not excused from following the Federal Rules of Civil Procedure. *Tomlin v. Smithfield Packing Co.,* 2010 WL 2179049, *1 (E.D.N.C. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). To this end, a plaintiff must comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. *Id.* Rule 8 Requires "a short and plain statement of the grounds for the court's jurisdiction . . . ," a "short and plaint statement of the claim showing that the pleader is entitled to relief . . . " and "a demand for the relief sought . . ." Likewise, Rule 10 requires a pleader to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances..." Rule 10 also requires that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or offense."

In *Ray Comm., Inc. v. Clear Channel Comm., Inc.*, a motion for more definite statement was denied because the plaintiff alleged jurisdictional grounds for the claims, identified particular statutes that were violated, and specified how its trademarked property had been used inappropriately. 2009 WL 159608 (E.D.N.C. 2009). On the other hand, a motion for more definite statement was granted in *Tomlin v. Smithfield Packing Co.* in which the plaintiff included a collection of documents that did not contain the nature of each claim, what federal or state code was violated, what facts supported the claim, or what relief was sought for each claim. *Id.* Similarly, failure to allege a date of the incidents is a significant enough shortcoming to require the plaintiff to make a more definite statement because the threshold defense of the Statute of Limitations that may apply to any of the claims cannot be discerned from the complaint. *Doe* at 917.

B. **The Plaintiff's Failure to Comply with Rule 8 and Rule 10 Require a More Definite Statement if the Complaint is Not Dismissed In Its Entirety.**

In this case, the Plaintiff failed to abide by the requirements of Rule 8. The Plaintiff did not even mention jurisdiction, let alone allege the Court's grounds for jurisdiction. Likewise, the Plaintiff failed to allege any claim showing he is entitled to relief. He merely recited a list of facts that he alleges occurred without connecting them to any claim. Finally, he asked for a jury trial and various, repetitive damages but failed to allege the relief sought for any particular claim.

Likewise, he failed to abide by the requirements of Rule 10. There are no clearly discernible paragraphs, numbered or otherwise. The collection of sentences are merely recitals of alleged events and nothing more. The paragraphs, to the extent they are present, are far from "limited as far as practicable." Instead, each runs on for several

lines. Further, the claims that may exist are not distinguished in any manner. It appears that at least three separate incidents have been described, yet there are no distinctions between the facts, the claims, the date of the occurrence, or the relief sought for each.

Based on these significant failures, the Defendants' Motion for A More Definite Statement should be granted in the alternative that the Complaint is not dismissed in its entirety. The Plaintiff has presented a collection of facts that do not identify the claims made, the relief sought for each particular claim, the date of the offenses, or the defendants involved with the different claims, and he has failed to present those claims in succinct, numbered paragraphs with each claim set out individually.

## CONCLUSION

Due to the Plaintiff's failure to serve any of the Defendants within the 120 days of filing his Complaint, the Complaint should be dismissed. In the alternative that the Complaint is not dismissed, the Plaintiff should be required to make a more definite statement of his claims to which the Defendants may make a response.

This the 2nd Day of July, 2010.

**TEMPLETON & RAYNOR, P.A.**

*/s/ Kenneth R. Raynor*
Kenneth R. Raynor
*(Attorney for Defendants Rowan Co. Detention Center, Ewart, Lane, Morgan, Faggart)*
1800 East Boulevard
Charlotte, NC 28203
Phone 704.344.8500; Fax 704.344.8555
*ken@templetonraynor.com*
N.C. Bar No.: 10488

Page 7

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2010, I electronically filed the foregoing **Memorandum in Support of Their Motion to Dismiss and Motion for More Definite Statement** with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed the document to the following non-CM/ECF participants:

Mr. Glorbman L. Brown, Pro Se Plaintiff
MARION CORRECTIONAL INSTITUTION
#0049524
P.O. Box 2405
Marion, NC 28752

This the 2nd Day of July, 2010.

/s/Kenneth R Raynor
Kenneth R Raynor
**TEMPLETON & RAYNOR, P.A.**

Page 8